IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Lashawn Brannon, | C/A No. 5:20-cv-04476-SAL |
| Petitioner, | |
| v. | |
| Warden of Lee Correction, | **OPINION AND ORDER** |
| Respondent. | |

*Pro se* petitioner Lashawn Brannon ("Petitioner"), a state habeas petitioner, filed this habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the court for review of the Report and Recommendation of Magistrate Judge Kaymani D. West (the "Report"), ECF No. 16, recommending that Petitioner's § 2254 petition be dismissed without prejudice and without issuance of service of process.

**BACKGROUND**

Petitioner pled guilty to attempted murder in Union County General Sessions Court in November 2013 and was sentenced to twenty-five years' imprisonment. On December 28, 2020, Petitioner filed the instant § 2254 petition seeking habeas relief from his sentence. *See* [ECF No. 1.] Petitioner indicates that he did not file a direct appeal but that he did file an application for post-conviction relief ("PCR") in state court. *Id.* An attachment to the petition shows that Petitioner's PCR action was filed in 2014 and a January 2016 order issued by the Honorable Paul M. Burch, Circuit Court Judge, stated that the PCR application had been heard but the record would be left open to allow for testimony from Melissa Inzerillo. *See* [ECF No. 1-1.]

On January 26, 2021 the Magistrate Judge issued the Report that is the subject of this order,

1

recommending that Petitioner's § 2254 petition be dismissed because he has not exhausted his available state remedies. [ECF No. 16.] Petitioner filed his objections on February 9, 2021. [ECF No. 19.]

## STANDARD OF REVIEW

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The Magistrate Judge recommends that this matter be summarily dismissed because Petitioner has not exhausted his available state law remedies. Petitioner admits as much in the petition. However, he also effectively asks this court to excuse his failure to exhaust his state court remedies for the following reason:

> The case has been pending for five years and have not received a final disposition of this case, based on last order dated 1/26/16 the court has not issued a final order and the process is inadequate and ineffective to protect rights and as such this court should convene a hearing to protect the rights of Petitioner[.]

[ECF No. 1 at 5 (errors in original).] The Report does not address whether it is appropriate to excuse Petitioner's failure to exhaust his state court remedies.

3

Generally, in accordance with 28 U.S.C. § 2254, a petitioner must exhaust his state court remedies in order to obtain habeas corpus relief. However, that requirement is not jurisdictional as it may be waived by the State. 28 U.S.C. § 2254(b)(3). As explained by the Fourth Circuit,

> [A] petitioner may be excused from the exhaustion requirement if "there is an absence of available [s]tate corrective process[ ] or circumstances exist that render such process ineffective to protect the rights of the [petitioner]." 28 U.S.C. § 2254(b)(1)(B). State remedies may be rendered ineffective by inordinate delay or inaction in state proceedings. *See Farmer v. Circuit Court of Md. for Balt. Cty.*, 31 F.3d 219, 223 (4th Cir. 1994) ("There is . . . authority for treating sufficiently diligent, though unavailing, efforts to exhaust as, effectively, exhaustion, and for excusing efforts sufficiently shown to be futile in the face of state dilatoriness or recalcitrance.").

*Plymail v. Mirandy*, 671 F. App'x 869, 870 (4th Cir. 2016) (alteration in original). In *Plymail*, the Fourth Circuit noted that a state appellate court had taken over twenty years to decide the direct appeal of Plymail's criminal conviction and, further, that its "sister circuits ha[d] found much shorter delays sufficient to excuse the exhaustion requirement." *Id.* (citing *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) ("[I]t is difficult to envision any amount of progress justifying an eight-year delay in reaching the merits of a petition."); *Coe v. Thurman*, 922 F.2d 528, 531 (9th Cir. 1990) (holding, in the context of a four-year delay, that "a prisoner need not fully exhaust his state remedies if the root of his complaint is his inability to do so")).

The record before this court is extremely limited as it currently consists of Petitioner's own statements and a single document from his state PCR action. From this record, it is unclear whether Petitioner's failure to exhaust should be excused or whether dismissal is appropriate. *Cf.* R. Governing Section 2254 Cases 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."). The court expresses no view as to the ultimate disposition of this issue. The court simply concludes that the current state of the record is insufficient to establish as a matter of law that the

petition should be dismissed for failure to exhaust. For that reason, the court remands this matter for issuance and service of process.

## CONCLUSION

After a *de novo* review of the part of the Report to which Petitioner specifically objected, the court declines to adopt the Report, ECF No. 16. The court remands the matter to the Magistrate Judge for issuance and service of process upon the Respondent.

**IT IS SO ORDERED.**

May 6, 2022
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge