IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lashawn Brannon,<br><br>                                    Petitioner,<br><br>v.<br><br>Warden of Lee Correction,<br><br>                                    Respondent. | C/A No. 5:20-cv-04476-SAL<br><br>**OPINION AND ORDER** |

*Pro se* petitioner Lashawn Brannon ("Petitioner"), a state habeas petitioner, filed this habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the court for review of the Report and Recommendation of Magistrate Judge Kaymani D. West (the "Report"), ECF No. 54, recommending that Petitioner's § 2254 petition be dismissed without prejudice.

**BACKGROUND**

The Report thoroughly summarizes the procedural history of Petitioner's state case and his crimes, and the court incorporates that summary. Briefly, Petitioner pleaded guilty to attempted murder in Union County General Sessions Court in November 2013 and was sentenced to twenty-five years' imprisonment. He did not file a direct appeal. Petitioner filed an application for post-conviction relief ("PCR") on August 4, 2014. A PCR evidentiary hearing was held on January 20, 2016, at which time Petitioner and one of the attorneys who represented him in his guilty plea testified, but the record was held open to allow for testimony from his other plea counsel. That testimony was taken on November 9, 2018, in a second PCR evidentiary hearing. As of the date

1

of this order, no decision has been issued in Petitioner's PCR action.[1]

On December 28, 2020, Petitioner filed the instant § 2254 petition seeking habeas relief from his sentence. [ECF No. 1.] On June 29, 2022, Respondent filed a motion for summary judgment, and Petitioner filed a response in opposition on September 26, 2022. [ECF Nos. 40, 46.] Thereafter, the Magistrate Judge directed Respondent to file a status report on November 28, 2022, and on February 3, 2023, and Respondent did so. [ECF Nos. 48, 50, 51, 53.] On February 6, 2023, the Magistrate Judge issued the Report that is the subject of this order, recommending that Respondent's motion for summary judgment be granted and Petitioner's § 2254 petition be dismissed because he has not exhausted his available state remedies. [ECF No. 54.] Respondent filed a supplement to the February 2023 status report, along with objections on February 21, 2023. [ECF Nos. 56, 57.] The objection deadline has passed, and Petitioner did not file any objections. [*See* ECF No. 54.] This matter is ripe for review.

## STANDARD OF REVIEW

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct

---

[1] The Court may take judicial notice of information located in postings on government web sites. *See Tisdale v. South Carolina Highway Patrol*, C/A No. 0:09-1009-JFF-PJG, 2009 WL 1491409, *1 n.1 (D.S.C. May 27, 2009), *aff'd* 347 F. App'x 965 (4th Cir. Aug. 27, 2009); *In re Katrina Canal Breaches Consolidated Litig.*, No. 05-4182, 2008 WL 4185869, at *2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, 585 F. Supp. 2d 679, 687–88 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating). The docket for Petitioner's PCR action is found online. *See Brannon v. State*, 2014-CP-44-00318, Union County Sixteenth Judicial Circuit Public Index, https://publicindex.sccourts.org/Union/PublicIndex/PISearch.aspx (last accessed March 1, 2023).

a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of

liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The Magistrate Judge has recommended that Respondent's motion for summary judgment be granted, and Petitioner's § 2254 petition be dismissed for failure to exhaust his state court remedies. Respondent does not object to the overall recommendation by the Magistrate Judge, but only to part of the Magistrate Judge's reasoning.

Generally, in accordance with 28 U.S.C. § 2254, a petitioner must exhaust his state court remedies to obtain habeas corpus relief. However, that requirement is not jurisdictional as it may be waived by the State. 28 U.S.C. § 2254(b)(3). Here, Respondent has asserted a defense of failure to exhaust. [ECF No. 40.] But there are limited circumstances in which a court may consider a habeas petition despite a failure to exhaust. As explained by the Fourth Circuit,

> [A] petitioner may be excused from the exhaustion requirement if "there is an absence of available [s]tate corrective process[ ] or circumstances exist that render such process ineffective to protect the rights of the [petitioner]." 28 U.S.C. § 2254(b)(1)(B). State remedies may be rendered ineffective by inordinate delay or inaction in state proceedings. *See Farmer v. Circuit Court of Md. for Balt. Cty.*, 31 F.3d 219, 223 (4th Cir. 1994) ("There is . . . authority for treating sufficiently diligent, though unavailing, efforts to exhaust as, effectively, exhaustion, and for excusing efforts sufficiently shown to be futile in the face of state dilatoriness or recalcitrance.").

*Plymail v. Mirandy*, 671 F. App'x 869, 870 (4th Cir. 2016) (alteration in original). Petitioner has asserted the delay in his state PCR proceedings should excuse his failure to exhaust. [ECF No. 46.]

As set out in the Report, the Fourth Circuit has indicated there are four separate considerations for courts when determining whether the delay in state a state PCR action should excuse a failure

4

to exhaust state court remedies. [ECF No. 54 at 7 (citing *Ward v. Freeman*, No. 94-6424, 1995 WL 48001 (4th Cir. Feb. 8, 1995) (per curiam) (unpublished table decision)).] Those four considerations are as follows: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant." *Ward*, 1995 WL 48002, at *1 (citing *Barker v. Wingo*, 407 U.S. 514 (1972)). In this case, the Magistrate Judge considered each of those factors and found the length of delay was neutral; the reason for the delay was unclear but seemed to favor Petitioner; and the assertion of rights and prejudice favored Respondent. [ECF No. 54 at 8–9.]

Respondent objects to the Magistrate Judge's conclusion that the reason for the delay favors Petitioner. [ECF No. 57.] According to the Magistrate Judge, "the cause of the delay on the ruling on the PCR application is not clear." [ECF No. 54 at 8.] According to Respondent's status reports, the State submitted a proposed order to the PCR judge on an unknown date, and on June 30, 2022, the PCR judge agreed to allow the State to retract the prior proposed order and submit a new one. [*See* ECF No. 50.] Over seven months later, at the time the Report was issued, the State had not submitted the new proposed order. [*See* ECF No. 53 (indicating on February 3, 2023, "the State is currently completing its proposed order and anticipates submission within one week to 10 days").] However, Respondent has since advised the court that the State's proposed order "was submitted to the PCR judge via email on February 15, 2023." [ECF No. 56.] Respondent objects to the conclusion that the reason for delay favors Petitioner where the PCR judge suggested that both sides submit proposed orders at the close of the 2016 PCR evidentiary hearing, but "to the best of the State's knowledge, Petitioner's PCR counsel has still not submitted a proposed order." [ECF No. 57 at 2.] While Respondent's point is well taken, the PCR judge made the comment "[y]'all need to do some proposed orders after that, but we can talk about that later[,]" before the

5

record was closed in the PCR action. [ECF No. 39-5 at 44.] It is not clear from the record that both sides were directed to submit proposed orders at the close of the evidence, and speculation that PCR counsel was directed but failed to submit a proposed order does not tip the needle in Respondent's favor on this factor. In any event, as recognized by Respondent, and as found by the Magistrate Judge, where the other factors are either neutral or favor Respondent, "the administration of justice is better served by insisting on exhaustion of this case, rather than reaching the merits of the Petition prior to a decision in State court." [ECF No. 54 at 9.]

For the reasons outlined in the Report, the court finds Petitioner has failed to properly exhaust his state court remedies, and that failure to exhaust cannot be excused at this time.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Respondent specifically objected, the Court hereby adopts the Report and Recommendation, ECF No. 54. Accordingly, Respondent's motion for summary judgment, ECF No. 40, is granted and the petition, ECF No. 1, is dismissed without prejudice.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

**IT IS SO ORDERED.**

March 1, 2023
Columbia, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."